## A. N. ALFORD v. S. P. WILSON.

### (Case No. 1779.)

1. PLEADING — DESCRIPTION.— See statement of this case for a cause of action, in reference to which it was held that exceptions to the petition on the ground that the land in suit, upon which a foreclosure of a lien was sought, was not definitely described, were properly overruled.

2. JUDGMENT — CORRECTNESS.— A judgment decreeing the sale of land, upon which a lien is foreclosed, and, in case the proceeds arising from such sale are insufficient to discharge the judgment, that execution issue for the balance, is correct.

APPEAL from Van Zandt. Tried below before the Hon. Felix J. McCord.

S. P. Wilson brought suit against A. N. Alford on a promissory note for $120, and to foreclose the vendor's lien on two hundred and forty acres of land, part of the Martello Vasacuel survey. The note was executed by Alford to B. Miller and his wife Christina, who transferred it to Wilson. The note was given for the balance of purchase money for the land. The petition described the entire survey, containing four hundred acres, by metes and bounds, but did not so describe the two hundred and forty acres, but merely alleging that the land in controversy was all of the Vasacuel survey, save one hundred and sixty acres in the northwest corner of this survey. The defendant answered by a general demurrer, and specially excepted to the petition on the ground that the land upon which it was sought to foreclose the lien had not been sufficiently or definitely described, which exception was overruled. The court rendered a judgment in favor of Wilson for the amount sued for, ordered the foreclosure of the lien on the two hundred and forty acres, the judgment describing the land as it had been described in the petition, ordered its sale, and further declared that if the proceeds of the sale were not sufficient to discharge the judgment that the "officer of the court make the remainder as under execution."

*J. G. Kirby*, for appellant.

*Kilgore & Kilgore*, for appellee.

WEST, ASSOCIATE JUSTICE.— There was no error in the action of the court in overruling the appellant's special exceptions to appellee's original and amended pleadings. The land was there sufficiently described for the purposes of foreclosure. Its relation to the original Martello Vasacuel grant, of which it constituted a part, is set forth

with sufficient clearness for the purpose in hand, and the tract so described was also alleged to be then in the actual occupancy of the appellant, held by him under a previous purchase at an execution sale. Saunders *et al. v.* Hartwell *et al.,* 61 Tex., 686.

Its position, too, in reference to the one hundred and sixty (160) acre tract previously conveyed to one Ammons, out of the original survey, also served further to define its location on the ground. It is also insisted that the district court committed an error in the entry of the final judgment as to the sale of appellant's personal property under execution in a certain event. The judgment is substantially correct in form; it in substance simply directs that, in case the proceeds arising from the sale of the land described in the final judgment shall not be sufficient to satisfy appellee's debt, interest and costs, that a writ of execution issue against appellant for the balance.

There is no error in the judgment, and it is affirmed.

·AFFIRMED.

[Opinion delivered November 26, 1884.]